IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MANHEIM AUTOMOTIVE FINANCIAL SERVICES, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Case No. 06-2298-KHV |
| MARTEN E. GUTHRIE, et al., | ) ) ) |
| Defendants. | ) |

**ORDER**

This case comes before the court on the motions 1) of the plaintiff, Manheim Automotive Financial Services, Inc., to compel defendant Oklahoma Auto Exchange, LLC ("OAE") to more fully respond to certain interrogatories and document requests **(doc. 33)**; 2) of plaintiff for an extension of the discovery deadline for limited purposes **(doc. 34)**; and 3) of OAE for an extension of the discovery and dispositive motions deadlines **(doc. 37)**. Plaintiff has twice supplemented its motion to compel (docs. 35 and 36), OAE has responded, and plaintiff has replied. Plaintiff has filed a memorandum in support of its motion for extension of the discovery deadline (doc. 41) and OAE has responded (doc. 37). Plaintiff has also responded to OAE's motion for an extension of the discovery and dispositive motion deadlines (doc. 43).

This court's local rules provide:

> The court **will not entertain** any motion to resolve a discovery dispute pursuant to Fed. R. Civ. P. 26 . . . , unless counsel for the moving party has conferred or has made

> reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion. . . .
> **A "reasonable effort to confer" means more than mailing a letter to the opposing party. It requires that the parties in good faith converse, confer, compare views, consult and deliberate, or in good faith attempt to do so.**[1]

This requirement encourages parties to satisfactorily resolve their discovery disputes prior to resorting to judicial intervention.[2] "Failure to confer or attempt to confer may result in unnecessary motions. When the court must resolve a dispute the parties themselves could have resolved, it must needlessly expend resources it could better utilize elsewhere."[3]

In response to plaintiff's motion to compel, OAE states the issues addressed therein have been resolved. In its reply brief, plaintiff disagrees. Upon review of the briefing related to this motion, the court finds the parties have not made a reasonable effort to confer. The court is inclined to believe with additional time and effort, the issues raised in the instant motion will, most likely, be resolved without court intervention. Accordingly, plaintiff's motion to compel is denied. If, after conferring, the parties are unable to reach agreement with respect to the disputed discovery requests, then by **April 6, 2007**, plaintiff may reassert its motion to compel. OAE shall respond to such motion by **April 10, 2007** and plaintiff shall reply by **April 12, 2007**.

---

[1] D. Kan. Rule 37.2 (emphasis added).

[2] *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 456, 459 (D. Kan. 1999); *VNA Plus, Inc. v. Apria Healthcare Group, Inc.*, No. 98-2138, 1999 WL 386949, at *1 (D. Kan. June 8, 1999) (citing *Nave v. Artex Mfg., Inc.,* No. 96-2002, 1997 WL 195913, at *1 (D. Kan. Apr. 16, 1997)).

[3] *Pulsecard, Inc. v. Discover Card Servcs., Inc.*, 168 F.R.D. 295, 302 (D. Kan. 1996).

Plaintiff seeks a fourteen day extension of the discovery deadline to obtain complete responses to the discovery requests at issue in its motion to compel and to re-open two depositions to ask questions based on those responses. In light of the above-stated ruling on plaintiff's motion to compel, the court denies this motion as moot. If, after receiving responses to its discovery requests, plaintiff feels it necessary to re-open depositions and OAE disagrees, then plaintiff may file an appropriate motion pursuant to Fed. R. Civ. P. 30(a)(2)(B).

OAE seeks a thirty day extension of the deadline to conduct all discovery and extension of the dispositive motion deadline so it can depose three additional individuals who were identified in the February 21, 2007 deposition of Marten Guthrie. Fact discovery in this case was to be completed by March 9, 2007. OAE did not file its motion until March 23, 2007. Thus, OAE's motion is untimely and is denied as such.

Given the state of the record, and the apparent status of discovery, the court finds some extension of discovery in this case is warranted. Accordingly, on the court's own motion, the deadline to complete discovery in this case is hereby extended to **April 20, 2007**. The June 29, 2007 dispositive motion deadline, as well as all other deadlines and hearings set forth in the scheduling order (doc. 18) shall remain in place.

IT IS SO ORDERED.

Dated this 30th day of March, 2007, at Kansas City, Kansas.

                                                  s/ James P. O'Hara
                                                  James P. O'Hara
                                                  U.S. Magistrate Judge