## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **MANHEIM AUTOMOTIVE FINANCIAL SERVICES, INC.,** | ) ) ) | |
| **Plaintiff,** | ) ) | **CIVIL ACTION** |
| **v.** | ) ) ) | **No. 06-2298-KHV** |
| **OKLAHOMA AUTO EXCHANGE, LLC.,** | ) ) | |
| **Defendant.** | ) ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on <u>Defendant's Motion To Transfer Venue For *Forum Non Conveniens* To The Western District Of Oklahoma</u> (Doc. #57) filed July 13, 2007. For reasons stated below, the Court overrules defendant's motion.

## Legal Standards

Under 14 U.S.C. § 1404(a), the Court may transfer a case to any district or division where it might have been brought for "the convenience of the parties and witnesses" and "in the interest of justice." The decision whether to grant a motion to transfer is within the sound discretion of the district court. <u>See</u> <u>Scheidt v. Klein</u>, 956 F.2d 963, 965 (10th Cir. 1992). The Court considers the following factors: plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and all other considerations of a practical

nature that make a trial easy, expeditious and economical. <u>Chrysler Credit Corp. v. Country Chrysler, Inc.</u>, 928 F.2d 1509, 1516 (10th Cir. 1991) (quoting <u>Tex. Gulf Sulphur Co. v. Ritter</u>, 371 F.2d 145, 147 (10th Cir. 1967)). The moving defendant bears the burden of proving that the facts weigh heavily in favor of transfer, and plaintiff's choice of forum is afforded "great weight." <u>KCJ Corp. v. Kinetic Concepts, Inc.</u>, 18 F. Supp.2d 1212, 1214 (D. Kan. 1998); <u>Allstate Ins. Co. v. Employers Reinsurance Corp.</u>, 715 F. Supp. 1502, 1503 (D. Kan. 1989). Unless the balance strongly favors the movant, plaintiff's forum choice should rarely be disturbed. <u>Scheidt</u>, 956 F.2d at 965; <u>Dow Chem. Corp. v. Weevil-Cide Co.</u>, 630 F. Supp. 125, 130 (D. Kan. 1986).

## <u>Analysis</u>

Defendant argues for transfer because the Court has granted default judgment against the two Kansas defendants. As plaintiff notes, however, the Court entered default judgment more than four months before defendant filed its motion for transfer. A motion to dismiss for *forum non conveniens* must be made within a reasonable time after defendant learns of the facts which serve as a basis for the motion. <u>ORI, Inc. v. Lanewala</u>, No. 99-2402, 2000 WL 1683659, at *2-3 (D. Kan. Nov. 3, 2000). Further, the parties have already conducted discovery, prepared a pretrial order and briefed dispositive motions. Plaintiff would be prejudiced by a transfer at this point in the proceedings. <u>See Mattel, Inc. v. Robarb's, Inc.</u>, 139 F. Supp.2d 487, 491 (S.D.N.Y. 2001) (denying motion to transfer where parties had expended time and expense in discovery and pretrial proceedings).

Defendant argues that convenience of witnesses, availability of documents and choice of laws weigh in favor of transfer. As for witnesses, two witnesses reside in Oklahoma, two reside in the Kansas City metropolitan area, and two witnesses (former individual defendants) reside elsewhere in Kansas. This factor does not weigh in favor of transfer. As for documents, discovery

is complete and defendant does not argue that the volume of documents would render shipping from Oklahoma to Kansas unduly burdensome.  Finally, although defendant asserts that Oklahoma law will apply, the case is governed by the Uniform Commercial Code and defendant has not identified any law which is novel or unique to Oklahoma.  Without more, this Court will not disturb plaintiff's legitimate choice of forum.  Therefore the Court overrules defendant's motion to transfer.

**IT IS THEREFORE ORDERED** that <u>Defendant's Motion To Transfer Venue For *Forum Non Conveniens* To The Western District Of Oklahoma</u> (Doc. #57) filed July 13, 2007 be and hereby is **OVERRULED**.

Dated this 23rd day of August, 2007 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge

3